Reese, J.
delivered the opinion of the court.
The plaintiff was a petitioner and applicant for the benefit of the bankrupt law of the United States, before the District Federal Court for West Tennessee; and this action is brought against the defendant for imputing to the plaintiff perjury, in taking the oath which verified the schedule accompanying the petition. The petition and schedule were filed in May, 1842, and in September of the same year, there was filed a supplemental or amended schedule.
The defendant pleaded three pleas, namely, the general issue, the statute of limitation, and a special plea of justification. The last plea alleged, that the plaintiff was guilty of perjury in the oath verifying the first schedule; and specified the omission of property and credits in that schedule, and averred, that the words spoken by him of the defendant, and therein justified, were spoken before the filing of the supplemental or amended schedule. Upon all three pleas, issue was taken.
Upon the trial of the case, after all the proof had been heard, and after the argument of counsel to the jury had been commenced and nearly concluded, the counsel for the plaintiff insisted, that having proved the words stated in the declaration, to have been spoken after the time of filing the supplemental or amended schedule, the words so spoken were not embraced by the very terms of the plea, and were without justification. Thereupon, the defendant’s counsel moved the court, that he be permitted so to amend the plea of justification, as to make it general in its terms, and so as to embrace any speaking of the words in the declaration set forth, that might have taken place before the bringing of the action. This was opposed altogether by the plaintiff’s counsel; and if such leave was given, it was insisted by them, it should be done on the condition of the defendant’s consenting to a mistrial and continuing the cause. But the objection was overruled in both particulars by the court. The amendment was permitted, the case proceeded, and a verdict was rendered in favor of the defendant.
The only question here is, whether the Circuit Court, in permitting the amendment in question, without annexing thereto *514 as a condition the continuance of the cause, acted erroneously. We have manifested in many cases the reluctance with which this court will enter upon the delicate and difficult task of supervising and controlling the discretion of the Circuit Judge in questions of practice relating to the conduct and management of cases on trial before him. For obviously the point of view from which he surveys all such questions is more favorable than our own for a full and just perception of what it may be right and proper to do. But in this case, from the state of the pleadings as it existed before the trial, we are enabled to perceive, that if the plaintiff and his counsel knew that they could prove the actionable words to have been spoken after the filing of the second schedule, they were as secure in their preparations for the trial, if they chose to make the defence, as if no plea whatever of justification had been filed. And although the Circuit Judge might have thought, from what appeared before him, that this preparation was in fact made upon a contrary supposition, he had no right judicially to believe so; and although the amendment was proper in itself, he should by all means have allowed it only upon the condition of continuing the cause.
Let the judgment be reversed, the cause be remanded, and a new trial be had in the case.